IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WARNER/CHAPPELL )
MUSIC, INC., et al. )
) NO. 3-12-0512
v. ) JUDGE CAMPBELL
)
BERTRAND MUSIC ENTERPRISES, )
INC., et al. )

MEMORANDUM

Pending before the Court is a Motion to Dismiss (Docket No. 20) filed by Defendants Stellar Records, Inc., Atlantic Digital & CD Replication, Inc., and Thomas Viveiros (the "Stellar Defendants"). For the reasons stated herein, Defendants' Motion is DENIED.

INTRODUCTION

This is an action for copyright infringement in which Plaintiffs allege that Defendants illegally and without authorization sold karaoke recordings using songs for which Plaintiffs owned the copyrights. Plaintiffs' Complaint alleges that Defendant Stellar Records, Inc. is a Massachusetts corporation with its principal offices in Fall River, Massachusetts. Plaintiffs' Complaint avers that Defendant Atlantic Digital & CD Replication, Inc. ("Atlantic Digital") is also a Massachusetts corporation with its principal offices in Fall River, Massachusetts.[1] Plaintiff's Complaint states that Defendant Viveiros is a citizen and resident of Massachusetts and, upon information and belief, the sole owner of Stellar Records and Atlantic Digital.

---

[1] Defendants claim that Atlantic Digital quit doing business in early 2007 and was administratively dissolved in 2012. Docket No. 22, ¶ 17. Plaintiffs claim that Atlantic Digital continues to manufacture karaoke discs under the trade names "Pop Hits Monthly" and Sing it Now! Records." Docket No. 27, p. 3.

The Stellar Defendants have filed a Motion to Dismiss for lack of personal jurisdiction, contending that this Court does not have personal jurisdiction over any of them. Defendants argue that they have insufficient contacts and connections with the State of Tennessee to support personal jurisdiction and that they have not purposely availed themselves of the opportunity to act in this State.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## PERSONAL JURISDICTION

The Plaintiffs have the burden of establishing that personal jurisdiction over the Stellar Defendants exists in this case. *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012). The weight of that burden depends on whether this Court chooses to rule on the written submissions or to hear

2

evidence. *Id*.[2] When the Court rules on written submissions alone, the burden consists of a *prima facie* showing that personal jurisdiction exists. *Id*. It is in the Court's discretion, based on the circumstances of the case, which path to choose. The Court will determine this Motion on the written submissions alone.

In examining whether Plaintiff has made this *prima facie* showing, the Court is to construe the facts presented in the light most favorable to the Plaintiff, and the Court does not weigh or consider the conflicting facts presented by the other side. *Red Strokes Entertainment, Inc. v. Sanderson*, 2012 WL 1514892 at * 4 (M.D. Tenn. May 1, 2012) (citing *Bird v. Parsons,* 289 F.3d 865, 871 (6th Cir. 2002)); *Encore Medical, LP* v. *Kennedy*, __ F.Supp. 2d __, 2012 WL 966431 (E.D. Tenn. March 21, 2012).[3]

When a federal court has federal question jurisdiction, personal jurisdiction over a defendant exists if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process. *Community Trust Bancorp, Inc. v. Community Trust Financial Corp.*, __ F.3d __, 2012 WL 3608524 (6th Cir. Aug. 23, 2012). Tennessee's long-arm statute has been interpreted to extend to the limits on personal jurisdiction imposed by the Due Process Clause. *Payne v. Motorists' Mut. Ins. Cos.*, 4 F.3d 452, 455

---

[2] In considering a motion to dismiss for lack of personal jurisdiction, a court has three options: (1) decide the motion on the basis of the affidavits submitted by the parties, (2) permit discovery in aid of the motion, or (3) conduct an evidentiary hearing on the merits of the motion. *Red Strokes Entertainment, Inc. v. Sanderson*, 2012 WL 1514892 at * 4 (M.D. Tenn. May 1, 2012).

[3] The court "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, and [it] will construe the facts in a light most favorable to the nonmoving party." *Encore* at * 3.

3

(6th Cir. 1993). Therefore, the two issues merge, and the Court need only determine whether the assertion of personal jurisdiction violates constitutional due process.

To determine whether a plaintiff's exercise of jurisdiction satisfies due process, the Sixth Circuit applies a three-part specific[4] jurisdiction test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Payne,* 4 F.3d at 455 (quoting *Southern Machine Co. v. Mohasco Indus., Inc.,* 401 F.2d 374, 381 (6th Cir. 1968)). As the constitutional touchstone of personal jurisdiction, the purposeful availment requirement ensures that the defendant's actions create a substantial connection to the forum state, such that the defendant should reasonably anticipate being haled into court there. *Community Trust,* 2012 WL 3608524. Such a requirement protects a defendant from being haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts or of the unilateral conduct of another party or a third person. *Id*.

## ANALYSIS

In this case, the Stellar Defendants claim they have no offices in Tennessee, do not advertise in Tennessee, and have no places of business in Tennessee. They assert that they have no distribution contracts or agreements with any other entity or individual to sell their products in Tennessee. They state that, upon request from Karaoke International (one of their Co-Defendants

---

[4] Specific jurisdiction subjects the defendant to suit in the forum only on claims that arise out of or relate to that defendant's contacts with the forum. General jurisdiction, on the other hand, arises when a defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims. *Aristech Chemical Int'l LTD v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998).

4

herein), they shipped 36 CDs to an individual in Tennessee, but they billed Karaoke International for those CDs. The Stellar Defendants claim that none of the 36 discs shipped into Tennessee contained recordings which are alleged to have infringed Plaintiffs' copyrights. Finally, the Stellar Defendants admit that they operate a website on the internet, but they assert that the site is informational only and that it does not provide for the online purchase of any recordings or other products.

Plaintiffs contend[5] that the Stellar Defendants do conduct business in Tennessee. In direct contrast to the Stellar Defendants' claims,[6] Plaintiffs allege that the Stellar Defendants distributed and sold at least 36 different versions of illegal karaoke discs, containing Plaintiffs' copyrights, to persons in Nashville, Tennessee. Docket No. 1, ¶ 23 and Docket No. 28. In addition, Plaintiffs argue that the Stellar Defendants permitted and authorized their Co-Defendants herein to distribute the illegal Stellar products at issue in this litigation to Tennessee residents. Plaintiffs also aver that the Stellar Defendants offer and advertise all of their karaoke products to Tennessee residents and receive telephone orders from customers in Tennessee.

Plaintiffs further allege that the Stellar Defendants' website is interactive because, among other things, a person can stream and download samples of the songs, including songs at issue in this lawsuit, by clicking a link on the web page and then listen to and/or download the infringing song

---

[5] As noted above, the Court must accept the allegations of the Plaintiffs' Complaint as true.

[6] If the parties present conflicting facts, the court does not consider facts proffered by the defendant that conflict with those offered by the plaintiff. *Theunissen v. Matthews*, 935 F.2d 1454, 1459 (6th Cir. 1991); *Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357 (6th Cir. 2008).

5

"on demand." Moreover, Plaintiffs contend, the website invites users, including persons from Tennessee, to purchase the infringing discs by telephone or e-mail. Docket No. 29.

Although the maintenance of a website that is accessible to anyone over the Internet alone is insufficient to justify general jurisdiction, the operation of a website can constitute the purposeful availment of the privilege of acting in a forum state if the website is interactive to a degree that reveals specifically intended interaction with residents of the state. *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002); *Bridgeport Music, Inc. v. Still N The Water Publishing Co.*, 327 F.3d 472, 483 (6th Cir.2003).

As indicated above, Plaintiffs allege that not only does the Stellar Defendants' website advertise their products, but it also allows a person to stream and download samples of the songs by clicking a link on the webpage and then listening to and/or downloading the infringing songs "on demand." Further, Plaintiffs contend that the website invites users, including persons from Tennessee, to purchase the infringing discs by telephone or e-mail.

Plaintiffs also allege that Defendant Viveiros, as the sole owner and officer of Stellar Records, Inc. and Atlantic Digital, personally participates in the distribution of unauthorized recordings of Plaintiffs' music copyrights in Tennessee, personally participates in the reproduction of unauthorized recordings of Plaintiffs' music copyrights which are sold in Tennessee, and manufactures and creates illegal karaoke discs and products which are sold in Tennessee. Docket No. 1, ¶ 17. Plaintiffs contend that Defendant Viveiros distributed illegal karaoke discs at issue in this lawsuit to Tennessee and received financial benefits and profits from these illegal sales. *Id*.

A plaintiff may establish personal jurisdiction over a corporate officer if he or she shows that the corporate officer was actively and personally involved in the conduct giving rise to the claim. *Simplex Healthcare, Inc. v. Marketlinkx Direct, Inc.*, 761 F.Supp.2d 726, 732 (M.D. Tenn. 2011).

6

When a corporate individual with a financial interest in the company and the ability to supervise or control infringing activities causes or directs the infringing activity in a given state, that individual is subject to jurisdiction in that state. *Sony/ATV Music Publishing LLC v. CAVS USA, Inc.*, 2009 WL 2177110 at * 6 (M.D. Tenn. July 21, 2009)[7]

Because the Court must consider the allegations of the Complaint as true and draw all permissible inferences in favor of Plaintiffs at this stage of the proceedings (because no evidentiary hearing or discovery has occurred), the Court finds the above evidence sufficient to carry Plaintiffs' "relatively slight" burden[8] of establishing purposeful availment.

The second element for specific jurisdiction is that the cause of action must arise from the Defendants' activities in Tennessee. Plaintiff has sufficiently alleged, for this stage of the proceedings, that Defendants have advertised, distributed and offered for sample listening and downloads in Tennessee the alleged infringing recordings at issue herein.

Finally, Plaintiffs must show that the acts of Defendants or consequences caused by them have a substantial enough connection with Tennessee to make the exercise of jurisdiction reasonable. An inference arises that the third factor is satisfied if the first two requirements are met. *Bird*, 289 F.3d at 875. Factors to consider are the burden on the Defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies. *Id*.

---

[7] While it is true that jurisdiction over the individual officers of a corporation cannot be predicated merely upon jurisdiction over the corporation, the mere fact that the actions connecting defendant to the state were undertaken in an official rather than personal capacity does not preclude the exercise of personal jurisdiction over those defendants. *Balance Dynamics Corp. v. Schmitt Indus. Inc.*, 204 F.3d 683, 698 (6th Cir. 2000).

[8] *Estate of Thomson, 545 F.3d at 360.*

7

The Stellar Defendants are no strangers to this Tennessee Court. In *Famous Music, LLC v. Stellar Records, Inc.*, Case No. 3-06-00941, another judge of this Court denied the same Stellar Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, and the Stellar Defendants participated in that litigation here. As found above, moreover, the Stellar Defendants have connections to this State. In addition, the Plaintiffs have a substantial interest in obtaining relief, and the State of Tennessee has an interest in protecting its companies' legal options.

The Court finds that the contacts of the Stellar Defendants here are substantial enough to make the exercise of jurisdiction over them reasonable. Defendants have not shown that this is an unusual case requiring the Court to cast aside the inference of reasonableness that already exists.

## CONCLUSION

For all these reasons, the Motion to Dismiss of the Stellar Defendants is DENIED.

IT IS SO ORDERED.

                                                                            TODD J. CAMPBELL
                                                                            UNITED STATES DISTRICT JUDGE