IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE, TENNESSEE

| | | |
|---|---|---|
| WARNER/CHAPPELL MUSIC, INC., et al | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 3:12-cv-00512 |
| vs. | ) | |
| | ) | Judge Campbell |
| BERTRAND MUSIC ENTERPRISES, INC., et al | ) | |
| | ) | Magistrate Judge Brown |
| Defendants. | ) | |
| | ) | JURY DEMAND |
| | ) | |

## INITIAL CASE MANAGEMENT ORDER[1]

**1. Jurisdiction.**

This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b). Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a) and 1400(b). The Stellar Defendants dispute that the Court has personal jurisdiction over them. The Stellar Defendants' Motion to Dismiss (Doc. No. 20) and Plaintiffs' Response in Opposition (Doc. No. 27) are pending before the Court.

**2. Plaintiffs' Theory of the Case.**

This is an action for copyright infringement based on the illegal and unauthorized sale of karaoke recordings (the "Subject Works", Exhibits 1-22 of Plaintiffs' Complaint, Doc. Nos. 1, 1.1 – 1.22) by the Bertrand Defendants and the Stellar Defendants. Plaintiffs, Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., Unichappell Music Inc., Rightsong Music, Inc. Cotillion Music, Inc., Walden Music, Inc., and House of Gold Music, Inc.,

---

[1] The first version of the proposed Initial Case Management Order (Doc No. 30), filed on August 24, 2012, did not include the Stellar Defendants' theory of the case.

d/b/a "Warner House of Music" are the owners, co-owners, exclusive licensees and/or exclusive administrators of the Subject Works.

The Defendants are in the business of manufacturing and/or distributing, advertising, selling and otherwise commercially exploiting karaoke recordings, including Plaintiffs' Subject Works identified in the Complaint. The Defendants have manufactured, distributed, advertised and/or sold karaoke products featuring Plaintiffs' Subject Works without license or permission, including to customers located in Tennessee. The Defendants continue to offer and advertise the karaoke products at issue in this lawsuit to consumers throughout the United States.

The Defendants are liable for copyright infringement of the Subject Works as a result (at least) of having commercially exploited unlicensed karaoke recordings. The Defendants are liable for all of Plaintiffs' actual damages (in the form of lost licensing revenues), as well as any and all profits derived by the Defendants as a result of the commercial exploitation of the unlicensed karaoke recordings. Alternatively, Defendants are liable for statutory damages pursuant to 17 U.S.C. § 504(c) because the Defendants' infringing of the Plaintiffs' copyrights constitutes willful copyright infringement to the extent that the Defendants recklessly or intentionally infringed the Plaintiffs' music copyrights. Under either damages remedy, Defendants are liable for Plaintiffs' attorney fees and Court costs.

3. **Defendants' Theory of the Case.**

(a) The Bertrand Defendants:

Defendants BERTRAND MUSIC ENTERPRISES, INC., a California corporation, KARAOKKE INTERNATIONAL, INC., a California Corporation, JOHN BERTRAND, SR. and JOHN BERTRAND, JR., (collectively the "Bertrand Defendants") state that the Bertrand Defendants are not in the business of manufacturing karaoke recordings. The Bertrand

2

Case 3:12-cv-00512   Document 38   Filed 09/04/12   Page 2 of 7 PageID #: 362

Defendants are presently engaged in reviewing and investigating the allegations in the Plaintiffs' Complaint to determine whether the subject works listed in the exhibits to the Complaint were on karaoke products advertised, distributed or sold by the Bertrand Defendants as alleged in the Complaint.  At this point, the Bertrand Defendants deny that they have committed the infringement alleged in the Plaintiffs' Complaint.  The Bertrand Defendants further deny that they engaged in any willful infringement or unfair competition.  To the extent that the Bertrand Defendants may have advertised, distributed or sold any karaoke products containing works as alleged in the Complaint, the Bertrand Defendants deny that their actions were willful or undertaken with any wrongful, reckless or malicious intent.  Further, the Bertrand Defendants reasonably relied on the manufacturers of those karaoke products to obtain necessary licenses for to the material which those manufacturers sold to the Bertrand Defendants.  To the extent that any alleged infringement is proven by Plaintiffs, the Bertrand Defendants deny that Plaintiffs are entitled to statutory damages and/or attorney's fees under 17 U.S.C. § 412 because Plaintiffs have not alleged nor demonstrated that the prerequisites in 17 U.S.C. § 412 have been met.

The Bertrand Defendants are innocent distributors and believed and still believe that any karaoke products they may have advertised, distributed or sold were and are appropriately licensed by the manufacturers.  To the extent that the manufacturers of these subject recordings are found to have infringed on Plaintiffs' rights, the manufacturers owe the Bertrand Defendants an obligation of indemnification, either contractual or equitable, and may be brought in to this action so that those claims may be asserted against them.  The individual Defendants John D. Bertrand Sr. and John D. Bertrand Jr. deny that they "personally participate in the distribution of unauthorized recordings" of the Plaintiffs' subject works as alleged in the Complaint, and that

there are no facts alleged in the Complaint that would support individual liability against either individual defendant their capacity as an officer or manager of Bertrand Music Enterprises, Inc.

(b) The Stellar Defendants:

Stellar Records, Inc. (Stellar) is a Massachusetts corporation with its principal office located in Fall River, Massachusetts. [Plaintiffs have alleged Stellar is doing business as "MGM Distribution." However, MGM Distribution, Inc. is a Delaware corporation.]

Stellar's principal business activity is the recording of popular musical compositions using house and contract musicians, copies of which it then licenses to other entities. Before recording these songs, Stellar first obtains the required mechanical or compulsory licenses from the copyright owners or their agents.

Prior to 2008 Stellar also manufactured and sold karaoke recordings of popular songs. After making the new recordings, Stellar would secure synchronization licenses from the appropriate copyright owners, which would allow Stellar to merge its audio files for each recording with the appropriate graphics to create a CD&G (karaoke) file. Since 2008 Stellar has licensed its recordings to Sing It Now Records, Inc. (Sing It Now), a Delaware corporation, which secures the necessary synchronization licenses and creates the karaoke product.

Atlantic Digital & CD Replication, Inc. was created in April 2001 as a Massachusetts corporation. Its principal business activity was the duplication of CDs containing musical and karaoke recordings. Its sole place of business was located in Massachusetts; it only performed services in Massachusetts; and it provided services exclusively to two separate companies. One was a Massachusetts corporation and the other was a Delaware corporation. Both companies maintained their principal places of business in Massachusetts.

Thomas Viveiros is an adult resident of Massachusetts. He is also a shareholder and principal officer of Stellar, and formerly of Atlantic Digital. Mr. Viveiros has not personally done business in Tennessee, owned property in Tennessee, nor ever resided in Tennessee. Mr. Viveiros has not personally contracted with any Tennessee business entities, nor has he personally bought or sold goods or services in that state. Neither has Mr. Viveiros personally advertised the sale of goods or services within the State of Tennessee.

Stellar acquired all necessary licenses from Plaintiffs and/or their predecessors in interest prior to re-recording the musical compositions in question and, prior to 2008, creating karaoke products utilizing those recordings. Plaintiffs' claims are without merit, and were brought without a proper search and review of relevant documents within their possession or control.

4. **Identification of the Issues.** Issues Resolved: Jurisdiction and Venue between the Plaintiffs and the Bertrand Defendants. Issues Still in Dispute: Jurisdiction of the Stellar Defendants; All other issues, including liability, injunctive relief, defenses, and claimed damages.

5. **Need for Other Claims or Special Issues.** None at this time.

6. **Initial Disclosures and Staging of Discovery.**

   a. **Initial Disclosures**. The Parties must make their initial disclosures by September 28, 2012.

   b. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the Parties have met and conferred in good faith and are unable to resolve their differences and the parties have scheduled and conducted a telephone conference with the Magistrate Judge.

    c. **Electronic Discovery**. Disclosure or discovery of electronically stored information will be handled by producing electronically stored information in accordance with Administrative Order No. 174, unless and until the parties agree to a separate Stipulated Protocol for Discovery of Electronically Stored Information.

    d. **Discovery Cut-off**. All fact discovery is to be completed by **June 21, 2013**. All discovery must be served so that responses are to be due by no later than the discovery cutoff date of **June 21, 2013**.

    e. **Discovery Motions:** Prior to filing any discovery-related motion, the parties will schedule and conduct a telephone conference with the Magistrate Judge.

**7. Dispositive Motions.**

    a. All dispositive motions are to be filed by **September 13, 2013.** Responses are to be filed by **October 11, 2013.** Replies are to be filed by **October 25, 2013**. If dispositive motions are filed early, the response and reply deadlines are moved up accordingly. The motion and response memorandum are limited to 25 pages and the reply, if necessary, is limited to 5 pages, absent leave of Court.

**8. Other Deadlines.**

    a. Any motion to amend the pleadings should be filed no later than **February 1, 2013**.

    b. On or before **February 15, 2013,** the Parties shall disclose to each other (<u>not</u> file with the Court) the identity of their expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

    c. On or before **March 15, 2013**, the Parties shall disclose to each other (<u>not</u> file

with the Court) the identity of their expert rebuttal witnesses and provide all the information specified in rule 26(a)(2)(B).

 e. On or before **May 31, 2013**, the Parties shall take any desired deposition of experts.

 f. Any supplements to the reports of experts on dispositive matters shall be made and disclosed no later than **June 15, 2013**.

**9. Subsequent Case Management Conference.** A subsequent Case Management Conference shall be held on **April 15, 2013 at 10:00 a.m.** This Case Management Conference shall be conducted by telephone. Parties shall call 615-695-2851 to participate.

**10. Alternate Dispute Resolution.** The Parties have not reached an agreement with regard to mediation.

**11. Consent to trial before the Magistrate Judge.** The Parties do not consent to a trial before the Magistrate Judge.

**12. Target Trial Date.** The trial is expected to last 7 days. Plaintiffs have requested a jury trial. A target trial date on or after 1st of April 2014 is requested by the parties.

**13. Modification.** This order may be modified for good cause.

It is so **ORDERED.**

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge