IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE, TENNESSEE

| | |
|---|---|
| WARNER/CHAPPELL MUSIC, INC., a Delaware Corporation, WARNER-TAMERLANE PUBLISHING CORP., a California corporation, WB MUSIC CORP., a California corporation, UNICHAPPELL MUSIC INC., a Delaware corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, COTILLION MUSIC INC., a Delaware Corporation, WALDEN MUSIC INC., a New York corporation and HOUSE OF GOLD MUSIC, INC., d/b/a "WARNER HOUSE OF MUSIC," a Delaware Corporation. | Case No. 3:12-cv-512<br><br>Judge Campbell<br><br>Magistrate Judge Brown |
| Plaintiffs, | |
| vs. | JURY DEMAND |
| BERTRAND MUSIC ENTERPRISES, INC. (d/b/a "BERTRANDMUSIC.COM," "KARAOKEXPRESS.COM," "EXPRESSKARAOKE.COM," "TOTALKARAOKE.COM," "PROSING.NET," "TIMELESSKARAOKE.COM," "OVERNIGHTKARAOKE.COM," "BERTRAND MUSIC," "BERTRAND'S MUSIC MART," "BERTRAND'S MUSIC & SING ALONG," "BERTRAND'S MUSIC & SING ALONG CENTER," "BERTRAND'S CENTRE CITY MUSIC," "JBL DISTRIBUTORS"), KARAOKE INTERNATIONAL, Inc., (d/b/a "TOTAL KARAOKE"), JOHN D. BERTRAND, SR. Individually, JOHN D. BERTRAND, JR., Individually, STELLAR RECORDS, INC., SING IT NOW RECORDS, INC., ATLANTIC DIGITAL & CD REPLICATION, INC., MGM DISTRIBUTION INC., and THOMAS VIVEIROS, Individually, | **FIRST AMENDED COMPLAINT FOR INJUNCTION AND DAMAGES** |
| Defendants. | |

Plaintiffs, Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., Unichappell Music Inc., Rightsong Music, Inc. Cotillion Music, Inc., Walden Music, Inc., and House of Gold Music, Inc., d/b/a "Warner House of Music" ("Plaintiffs"), by and through

their attorneys, Timothy L. Warnock and Howell G. O'Rear, Riley, Warnock & Jacobson, PLC, file the following First Amended Complaint For Injunction And Damages against Defendants Bertrand Music Enterprises, Inc. (d/b/a www.bertrandmusic.com, www.karaokexpress.com, www.expresskaraoke.com, www.totalkaraoke.com, www.prosing.net, www.timelesskaraoke.com, www.overnightkaraoke.com, "Bertrand Music," "Bertrand's Music Mart," "Bertrand's Music & Sing Along," "Bertrand's Music & Sing Along Center," "Bertrand's Centre City Music," and "JBL Distributors"), Karaoke International Inc. (d/b/a "Total Karaoke"), John D. Bertrand, Sr., individually, and John Bertrand, Jr. individually (collectively, the "Bertrand Defendants"), and Stellar Records, Inc. (d/b/a www.stellarrecords.com), Sing it Now Records, Inc. (d/b/a "Stellar Records" and "Sing it Now"), Atlantic Digital & CD Replication, Inc., MGM Distribution, Inc. and Thomas Viveiros, individually, (collectively, the "Stellar Defendants"):

## JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a) and 1338(b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a) and 1400(b).

## THE PARTIES

3. Plaintiff Warner/Chappell Music, Inc. is a Delaware corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

4. Plaintiff Warner-Tamerlane Publishing Corp. is a California corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

5. Plaintiff WB Music Corp. is a California corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

6. Plaintiff Unichappell Music Inc. is a Delaware corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

7. Plaintiff Rightsong Music, Inc. is a Delaware corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

8. Plaintiff Cotillion Music, Inc. is a Delaware corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

9. Plaintiff Walden Music, Inc. is a New York corporation, with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

10. Plaintiff House of Gold Music, Inc., d/b/a "Warner House of Music," is a Delaware Corporation with offices located at 20 Music Square West, Nashville, Tennessee, 37203.

11. Defendant Bertrand Music Enterprises, Inc. (d/b/a www.bertrandmusic.com, www.karaokexpress.com, www.expresskaraoke.com, www.totalkaraoke.com, www.prosing.net, www.timelesskaraoke.com, www.overnightkaraoke.com, "Bertrand Music," "Bertrand's Music Mart," "Bertrand's Music & Sing Along," "Bertrand's Music & Sing Along Center," "Bertrand's Centre City Music," and "JBL Distributors") (collectively, "Bertrand Music") is a California corporation that maintains its principal office at 13179 Black Mountain Rd., Suite 5, San Diego, CA 92129. Bertrand Music conducts business throughout the world via its interactive internet websites, including Nashville, Tennessee.

12. Defendant Karaoke International Inc. (d/b/a "Total Karaoke") is a California corporation that maintains its principal office at 13579 Black Mountain Rd., Suite 5, San Diego,

3

CA 92129. Karaoke International Inc. conducts business throughout the world, including Nashville, Tennessee.

13. Defendant John D. Bertrand, Sr. ("Bertrand Sr.") is a citizen and resident of the State of California, residing at 12457 Greens East Rd., San Diego, CA 92128 and is, upon information and belief, the founder and president of Bertrand Music Enterprises, Inc. and Karaoke International Inc. Bertrand Sr. personally participates in the distribution of unauthorized recordings of the Plaintiffs' music copyrights in conjunction with the Co-Defendants through Bertrand Music's various retail stores and through the interactive internet websites know as www.bertrandmusic.com, www.karaokexpress.com, www.expresskaraoke.com, www.totalkaraoke.com, www.prosing.net, www.timelesskaraoke.com, and www.overnightkaraoke.com which do business throughout the world, including Nashville, Tennessee. Bertrand Sr. has received financial benefits and profited from the illegal sales of the unlicensed recordings at issue in this lawsuit.

14. Defendant John Bertrand, Jr. ("Bertrand, Jr.") is a citizen and resident of the State of California residing at 240 E. Fallbrook St., Apt. 4, Fallbrook, CA 92028 and is, upon information and belief, the CEO and manager of Bertrand Music Enterprises, Inc. and Karaoke International Inc. Bertrand Jr. personally participates in the distribution of unauthorized recordings of the Plaintiffs' music copyrights in conjunction with Co-Defendants through Bertrand Music's various retail stores and through the interactive Bertrand websites. Bertrand Jr., on behalf of Bertrand Music Enterprises, Inc. and Karaoke International Inc., personally distributed many of the illegal karaoke discs at issue in this lawsuit to Nashville, Tennessee. Bertrand Jr. has received financial benefits and profited from the illegal sales of the unlicensed recordings at issue in this lawsuit.

15. Defendant Stellar Records, Inc. (d/b/a www.stellarrecords.com)("Stellar Records") is a Massachusetts corporation with its principal offices located at 7 Oregon Street, Fall River, Massachusetts. Stellar Records, Inc. conducts business throughout the world, including Nashville, Tennessee.

16. Defendant Sing it Now Records, Inc. (d/b/a "Stellar Records" and "Sing it Now")("Sing it Now Records") is a Delaware corporation with its principal offices located at 7 Oregon Street, Fall River, Massachusetts. Sing it Now Records conducts business throughout the world, including Nashville, Tennessee.

17. Defendant Atlantic Digital & CD Replication, Inc. is a Massachusetts corporation with its principal offices located at 7 Oregon Street, Fall River, Massachusetts. Atlantic Digital & CD Replication, Inc. conducts business throughout the world, including Nashville, Tennessee.

18. Defendant MGM Distribution Inc. ("MGM Distribution") is a Delaware corporation its principal offices located at 7 Oregon Street, Fall River, Massachusetts. MGM Distribution conducts business throughout the world, including Nashville, Tennessee.

19. Defendant Thomas Viveiros is a citizen and resident of the State of Massachusetts residing at 301 Milliken Blvd., Fall River, MA 02721, and is, upon information and belief, the sole officer and owner of Stellar Records, Inc., Sing it Now Records, Inc., Atlantic Digital & CD Replication, Inc., and MGM Distribution, Inc. Viveiros personally participates in the distribution of unauthorized recordings of the Plaintiffs' music copyrights by way of sales and distribution to various karaoke dealers and re-sellers, including but not limited to Bertrand Music Enterprises, Inc. and Karaoke International Inc. Viveiros personally participates in the reproduction of unauthorized recordings of the Plaintiffs' music copyrights by manufacturing and creating illegal karaoke discs and products through his companies. Viveiros, in conjunction

5

with the Bertrand Defendants, distributed many of the illegal karaoke discs at issue in this lawsuit to Nashville, Tennessee. Viveiros has received financial benefits and profited from the illegal sales of the unlicensed recordings at issue in this lawsuit.

## FACTUAL BACKGROUND

20. Karaoke, which means "empty orchestra" in Japanese, is a multi-million dollar business. Most of the revenue derived in the United States is from sales of recordings of already popularized music through various national distributors and "authorized dealers." The Bertrand Defendants and the Stellar Defendants are among the leading competitors in the business.

21. Karaoke "CD+G" and "SCD+G" recordings are actually re-recordings of hit songs, with the lead vocal tracks either omitted (instrumental) so that the consumer can "sing along" as if he/she were the lead singer or, in the alternative, with a vocal track sung by sound-alike artists (learning track) which in some formats can be muted upon playback so that the karaoke recording may be listened to either with or without a lead vocal accompaniment. These products are recorded and encoded to provide a contemporaneous video display of the lyrics to the song for the consumer to sing along.

22. Interactive internet websites like those utilized by the Bertrand Defendants are used to advertise, distribute and sell by presenting graphic images of karaoke discs, machines, and other hardware to facilitate distribution by stimulating or inducing the purchase of the unlicensed karaoke recordings contained thereon including, but not limited to, the unlicensed recordings of the Subject Works. The Bertrand Defendants also utilize interactive social networking sites such as Facebook, Twitter and YouTube and "online catalogs," to promote and advertise unlicensed recordings of the Subject Works.

23. In July 2011 and February 2012, the Bertrand Defendants sold and distributed numerous illegal karaoke discs containing Plaintiffs' copyrights that are at issue in this lawsuit to persons in Nashville, Tennessee.

24. Upon information and belief, Stellar Records, Inc. (d/b/a www.stellarrecords.com) and Sing it Now Records, Inc. are affiliated partners in the karaoke business. Stellar Records and Sing it Now Records purport to be a karaoke record label. Stellar Records and Sing it Now Records are manufacturers and distributors of karaoke discs that use the brands *"Pop Hits Monthly"* and *"Sing it Now!."* Atlantic Digital & CD Replication, Inc. (d/b/a "Sing it Now! Records"), in conjunction with Stellar Records and Sing It Now Records., manufactures, reproduces and duplicates the *"Pop Hits Monthly"* and *"Sing it Now!"* karaoke discs. MGM Distribution, Inc., in conjunction with Stellar Records, Sing it Now Records, and Atlantic Digital & CD Replication, is the distributor of the *"Pop Hits Monthly"* and *"Sing it Now!"* karaoke discs. The Stellar Defendants work directly with karaoke vendors such as the Bertrand Defendants to sell and distribute the *"Pop Hits Monthly"* and *"Sing it Now!"* karaoke discs.

25. When a customer purchases *"Pop Hits Monthly"* or *"Sing it Now!"* karaoke discs through the Bertrand websites, the Bertrand Defendants instruct the Stellar Defendants to ship the karaoke discs directly to the consumer. In July 2011, the Stellar Defendants – on behalf the Bertrand Defendants – distributed and sold at least thirty-six different versions of illegal *"Pop Hits Monthly"* karaoke discs, containing Plaintiffs' copyrights, to persons in Nashville, Tennessee.

26. A fundamental legal requirement for recording copyrighted material for purposes of producing a karaoke record is a license for exploitation of the song, which must be obtained

7

from the songwriter or his agent, generally called a "music publisher," "publisher" or "administrator." Plaintiffs are music publishers that own or control, in whole or in part, the copyrights in thousands of popular music compositions that have been recorded, reproduced, distributed, marketed, advertised and sold without Plaintiffs' authorization by the Defendants. By "control," Plaintiffs mean that they are an exclusive licensee and/or possess, as administrators, the exclusive rights identified in Section 106 of the Copyright Act, as well as possess the right to institute suit for infringement of their rights. Plaintiffs are in the business developing and exploiting original music in conjunction with songwriters, as well as building their catalogue of music copyrights through acquisition of other catalogues. As the owners/administrators of their catalogue of music copyrights, Plaintiffs license the rights to create arrangements, record, reproduce, distribute, advertise and otherwise exploit such copyrighted musical works, in exchange for the payment of royalties or other fees customarily associated with the issuance of such licenses. Plaintiffs have not licensed the Defendants to engage in the activities complained of herein.

27. Karaoke recordings, unlike typical sound recordings, require "synchronization" licenses for the graphic display of lyrics that appear on a monitor in a synchronized presentation with the recorded music. The synchronization license typically grants rights for a mechanical reproduction of the musical composition, the use of the lyrics in synchronized graphic display, the right to use the copyright in an advertisement and/or promotional use of the composition, and may include a "print" permission for reproduction of the song's lyrics on lyric booklets or inserts in the karaoke package. Pursuant to the synchronization licenses, karaoke companies are required to pay fixing fees, advances against future royalties, and account and pay royalties based upon

8

the total number of units manufactured, usually on a quarterly basis. The customary rates for synchronization licenses are fairly standardized.

## **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

28. Plaintiffs are the owners, co-owners, exclusive licensees and/or exclusive administrators of the copyrights listed on the schedules attached hereto as Exhibits "1" through "22." Plaintiffs either own the copyrights, in whole or in part, or, in the alternative, and as exclusive licensees or exclusive administrators, own one or more of the exclusive rights conferred by § 106 of the Copyright Act in and to each of the Subject Works or have owned such during the three year period immediately preceding the filing of this suit when the Defendants infringement occurred. For the purposes of Plaintiffs' claims, the list of musical compositions identified on the attached Exhibits "1" through "22" shall be referred to as the "Subject Works." All of the Subject Works are original musical compositions and have been registered with the United States Copyright Office.

29. All of the Subject Works identified herein contain material wholly original and are copyrightable subject matter under the laws of the United States.

30. Plaintiffs are informed and believe, and on that basis allege, since at least as early 2009, the Defendants have been participating in one or more of the following courses of infringing conduct: the reproduction, distribution, advertising, promotion and/or offering for sale, for the purpose of inducing purchases, of illegal and unauthorized copies of one or more of the Subject Works, in the form of "karaoke" recordings, to the extent that such recordings have been in existence from time to time. The advertising of the Defendants, whether by in-store promotion, print advertisement, facsimile, Internet, direct mail, or other electronic means, materially contributes to the infringement of the Plaintiffs' exclusive distribution rights to the

9

Subject Works and materially contributes to Plaintiffs' injury. Such recordings largely have been in either the "CDG," "CD+G," "SCDG," "DVD" or "SCD+G" format for discs. A single disc can contain hundreds of unlicensed recordings. In addition, the Defendants sell and distribute machines and computer hardware that contain thousands of recordings including unauthorized copies of one or more of the Subject Works.

31. The conduct of the Defendants constitutes direct, contributory, vicarious and willful infringement of Plaintiffs' music copyrights, depending upon the specific conduct of the specific defendants. The natural, probable and foreseeable result of Defendants' wrongful conduct has been and will continue to be to deprive Plaintiffs of the benefits of their rights to distribute and sell the Subject Works, to deprive Plaintiffs of the usual and customary royalties to which they would be entitled if the Subject Works were properly licensed with synchronization licenses, or advertising/promotional licenses, and to deprive Plaintiffs of goodwill.

## CLAIM I
## Copyright Infringement Against the Bertrand Defendants

32. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 31, inclusive, as though fully set forth herein, and incorporates them herein by this reference.

33. Pursuant to the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, Defendants Bertrand Music Enterprises, Inc. (d/b/a www.bertrandmusic.com, www.karaokexpress.com, www.expresskaraoke.com, www.totalkaraoke.com, www.prosing.net, www.timelesskaraoke.com, www.overnightkaraoke.com, "Bertrand Music," "Bertrand's Music Mart," "Bertrand's Music & Sing Along," "Bertrand's Music & Sing Along Center," "Bertrand's Centre City Music," and "JBL Distributors"), Karaoke International Inc. (d/b/a "Total Karaoke"), John D. Bertrand, Sr., individually, and John Bertrand, Jr. individually (collectively, the "Bertrand Defendants") have infringed and will continue to infringe Plaintiffs' copyright interests in and relating to those

10

Subject Works identified on Exhibits "1" through "22" attached hereto, relating to the distribution, advertising, recording and placing upon the market products which contain unauthorized recordings of the songs and graphic displays of the lyrics of the copyrighted Subject Works. Exhibits "1" through "22" specifically identify the particular copyrights owned or administered by Plaintiffs contained on the unlicensed brands of karaoke recordings identified as *"All Hits," "American Karaoke," "Backstage," "Chartbuster," "Country Karaoke Classics," "Forever Hits," "Karaoke Hits," "Hot Stuff," "Legends," "Pocket Songs," "Pop Hits Monthly," "Sweet Georgia Brown," "Tropical Zone," "Northstar," "Radio Starz," "Sound Choice," "Stage Stars," "Star Disc," "Top Hits Monthly," "Karaoke Kurrents,""Sunfly,"* and *"Sing it Now!"* which have been unlawfully advertised, distributed and sold by the Bertrand Defendants. While the manufacturer of the "*Chartbuster*" brand of karaoke discs obtained a license from the Plaintiffs effective April 1, 2010, all distribution of the *Chartbuster* products <u>prior to</u> April 1, 2010 was unauthorized, unlicensed and constituted infringement of the Plaintiffs' exclusive right of distribution under the Section 106 of the Copyright Act.

34. Alternatively, the Bertrand Defendants have materially contributed to and induced the unlawful use of Plaintiffs' copyrights by commercial downstream resellers of the unlicensed products, or have failed to exercise their respective rights and abilities to control the conduct of those responsible for the infringement, thereby deriving a financial benefit from the infringement. The Bertrand Defendants have infringed Plaintiffs' exclusive rights to the Subject Works and the Bertrand Defendants' conduct was either intentional and undertaken with a complete disregard of Plaintiffs' rights or, alternatively, the Bertrand Defendants' conduct was

willful and undertaken with actual or constructive notice that it was in violation of Plaintiffs' rights and done nevertheless in reckless disregard of Plaintiffs' copyright interests.

35. Plaintiffs are entitled to an injunction restraining the Bertrand Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such willful acts in violation of the copyright laws. Plaintiffs are further entitled to recover from the Bertrand Defendants the damages, including attorneys' fees, they have sustained and will sustain, and any gains, profits and advantages obtained by the Defendants as a result of their acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs. Alternatively, Plaintiffs are entitled at their election to an award of statutory damages, attorney's fees and costs based upon the Bertrand Defendants' acts of infringement alleged above.

## CLAIM II
### Copyright Infringement Against the Stellar Defendants

36. Plaintiffs reallege each and every allegation set forth in paragraphs 1 through 31, inclusive, as though fully set forth herein, and incorporates them herein by this reference.

37. Pursuant to the Copyright Act, 17 U.S.C. §§ 101 et seq., the Stellar Defendants have infringed and will continue to infringe Plaintiffs' copyright interests in and relating to those Subject Works identified on Exhibit 11 (*Pop Hits Monthly*) and Exhibit 22 (*Sing it Now!*), relating to the distribution, advertising, recording and placing upon the market products which contain unauthorized recordings of the songs and graphic displays of the lyrics of the copyrighted Subject Works. Exhibit 5 specifically identifies the particular copyrights owned or administered by Plaintiffs contained on the unlicensed brands of karaoke recordings identified as *Pop Hits Monthly* and *Sing it Now!,* which has been unlawfully reproduced, advertised,

12

distributed and sold by the Stellar Defendants in violation of Plaintiffs' exclusive rights under the Copyright Act, 17 U.S.C. § 106.

38. Alternatively, the Stellar Defendants have materially contributed to and induced the unlawful use of Plaintiffs' copyrights through their association with the Bertrand Defendants, or have failed to exercise their respective rights and abilities to control the conduct of those responsible for the infringement, thereby deriving a financial benefit from the infringement. The Stellar Defendants have infringed Plaintiffs' exclusive rights to many of the Subject Works and the Stellar Defendants' conduct was either intentional and undertaken with a complete disregard of Plaintiffs' rights or, alternatively, the Stellar Defendants' conduct was willful and undertaken with actual or constructive notice that it was in violation of Plaintiffs' rights and done nevertheless in reckless disregard of Plaintiffs' copyright interests.

39. Plaintiffs are entitled to an injunction restraining the Stellar Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in any further such willful acts in violation of the copyright laws. Plaintiffs are further entitled to recover from the Stellar Defendants the damages, including attorneys' fees, they have sustained and will sustain, and any gains, profits and advantages obtained by the Stellar Defendants as a result of their acts of infringement alleged above. At present, the amount of such damages, gains, profits and advantages cannot be fully ascertained by Plaintiffs. Alternatively, Plaintiffs are entitled at their election to an award of statutory damages, attorney's fees and costs based upon the Stellar Defendants' acts of infringement alleged above.

WHEREFORE, the Plaintiffs respectfully pray for entry of judgment in their favor or an order providing the following relief against Defendants, as follows:

    a.    That the Court finds that the Bertrand Defendants have infringed Plaintiffs' copyright interests in the Subject Works identified on Exhibits

"1" through "22" and that the Stellar Defendants have infringed Plaintiffs' copyright interests in the Subject Works identified on Exhibits "11" and "22."

b. That the Court finds a substantial likelihood that the Defendants will continue to infringe Plaintiffs' copyright interests in the Subject Works, unless enjoined from doing so.

c. That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing Plaintiffs' copyrights in the Subject Works or continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived or copied from the Subject Works or participate or assist in any such activity, except those identified on Exhibit "4" bearing the "*Chartbuster*" brand.

d. That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined to return to Plaintiffs any and all originals, copies, facsimiles, or duplicates of the Subject Works in their possession, custody or control, except those identified on Exhibit "4" bearing the "*Chartbuster*" brand.

e. That Defendants, their directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with them, be enjoined to recall from all distributors, wholesalers, jobbers, dealers, retailers and distributors, and all others known to Defendants, any originals, copies, facsimile, or duplicates of any works shown by the evidence to infringe any copyright in the Subject Works, except those identified on Exhibit "4" bearing the "*Chartbuster*" brand.

f. That Defendants be enjoined to deliver upon oath, to be impounded during the pendency of this action and destroyed pursuant to judgment herein, all originals, copies, facsimiles, or duplicates of any work shown by the evidence to infringe any copyright in the Subject Works, except those identified on Exhibit "4" bearing the "*Chartbuster*" brand.

g. That Defendants be required to file with the Court and to serve on Plaintiffs, within 30 days after service of the Court's order as herein prayed, a report in writing under oath setting forth in detail the manner and form in which the Defendants have complied with the Court's order.

h. That judgment be entered for Plaintiffs and against the Defendants for Plaintiffs' actual damages according to proof, and for any profits attributable to infringements of Plaintiffs' copyrights, in accordance with proof.

14

i. Alternatively, and upon Plaintiffs' election, that judgment be entered for Plaintiffs and each individually liable Defendant for separate statutory damages based upon Defendants' acts of infringement and willful infringement, pursuant to the Copyright Act, 17 U.S.C. §§ 101 et seq.

j. That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law.

k. That all gains, profits and advantages derived by Defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of Plaintiffs.

l. That Plaintiffs have judgment against the Defendants for Plaintiffs' costs and attorneys' fees.

m. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

## JURY DEMAND

Plaintiffs hereby demand trial by jury on all issues triable to a jury.

Respectfully submitted,

s/ Timothy L. Warnock
Timothy L. Warnock (TN BPR #12844)
Howell G. O'Rear (TN BPR#26509)
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
615-320-3700
twarnock@rwjplc.com
horear@rwjplc.com

*Attorneys for Plaintiffs,*
*WARNER/CHAPPELL MUSIC, INC., et al.*

15

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on the following counsel through the Court's ECF system this 1st day of February, 2013.

JAMES C. BRADSHAW III
Wyatt, Tarrant & Combs, LLP
2525 West End Avenue, Ste. 1500
Nashville, TN 37203
jbradshaw@wyattfirm.com

*Attorney for Defendants Bertrand
Music Enterprises, Inc., Karaoke
International, Inc., John D. Bertrand,
Sr. Individually and John D. Bertrand, Jr. Individually*

MICHAEL T. HOPKINS
Hopkins McCarthy LLC
757 N. Broadway, Suite 201
Milwaukee, WI 53202
Tel/Fax (866) 735-0515
mth@hmclaw.com

STACEY L. SCHLITZ
Associate Counsel
SchlitzLAW
1507 16th Avenue South
Nashville, TN 37212
Tel: (615) 646-8740
Fax: (615) 646-8745
sschlitz@schlitzlaw.com

*Attorneys for the Defendants, Stellar
Records, Inc.; Atlantic Digital & CD
Replication, Inc.; and Thomas Viveiros*

                                               s/ Timothy L. Warnock