UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| WARNER/CHAPPELL MUSIC, INC., ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | No. 3:12-CV-512 |
| v. | ) | Judge Campbell |
| | ) | Magistrate Judge Brown |
| | ) | JURY DEMAND |
| BERTRAND MUSIC ENTERPRISES, INC., ET AL., | ) ) | |
| | ) | |
| Defendants. | ) | |

***ANSWER AND AFFIRMATIVE DEFENSES OF THE DEFENDANTS, STELLAR RECORDS, INC., SING IT NOW RECORDS, INC., ATLANTIC DIGITAL & CD REPLICATION, INC., MGM DISTRIBUTION, INC. AND THOMAS VIVEIROS TO PLAINTIFF'S FIRST AMENDED COMPLAINT***

Answer

THE DEFENDANTS, Stellar Records, Inc., Sing It Now records, Inc., Atlantic Digital & CD Replication, Inc., MGM Distribution, Inc. and Thomas Viveiros, by their attorney, Michael T. Hopkins, as and for an answer to the First Amended Complaint of Plaintiffs, admit, deny and allege to the Court as follows, to wit:

1. In answer to paragraph 1, Defendants admit the allegations contained therein.

2. In answer to paragraph 2, Defendants deny the allegations contained therein.

3. In answer to paragraph 3, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict proof thereof.

4. In answer to paragraph 4, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict proof thereof.

1

5. In answer to paragraph 5, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict proof thereof.

6. In answer to paragraph 6, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict proof thereof.

7. In answer to paragraph 7, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict proof thereof.

8. In answer to paragraph 8, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict proof thereof.

9. In answer to paragraph 9, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict proof thereof.

10. In answer to paragraph 10, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict proof thereof.

11. In answer to paragraph 11, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict proof thereof.

12. In answer to paragraph 12, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict proof thereof.

13. In answer to paragraph 13, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict proof thereof.

14. In answer to paragraph 14, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict proof thereof.

15. In answer to paragraph 15, Defendants admit that Stellar Records, Inc. is a Massachusetts corporation with its principal offices located at 7 Oregon Street, Fall River, Massachusetts; that with regard to the remaining allegations of paragraph 15, Defendants deny same.

16. In answer to paragraph 16, Defendants admit that Sing It Now Records, Inc. is a Delaware corporation with its principal offices located at 7 Oregon Street, Fall River, Massachusetts; that with regard to the remaining allegations of paragraph 16, Defendants deny same.

17. In answer to paragraph 17, Defendants admit that Atlantic Digital & CD Replication, Inc. was a Massachusetts corporation, but affirmatively allege that it quit doing business in 2007 and was administratively dissolved in 2012; that with regard to the remaining allegations of paragraph 17, Defendants deny them.

18. In answer to paragraph 18, Defendants admit MGM Distribution, Inc. is a Delaware corporation; that with regard to the remaining allegations of paragraph 18, Defendants deny them.

19. In answer to paragraph 19, Defendants admit that Thomas Viveiros resides at 301 Milliken Blvd., Fall River, Massachusetts, and that he is a shareholder and officer of Stellar Records, Inc., Sing It Now, Inc. and MGM Distribution, Inc.; that with regard to the remaining allegations of paragraph 19, Defendants deny them.

20. In answer to paragraph 20, Defendants admit Karaoke means "empty orchestra" in Japanese; that with regard to the remaining allegations of paragraph 20, the Defendants lack information or knowledge sufficient to form a belief as to the truth of same and therefore deny them, putting Plaintiffs to their strict proof thereof.

21. In answer to paragraph 21, Defendants admit the allegations contained therein.

22. In answer to paragraph 22, the Defendants admit that various individuals and entities use the internet and websites to sell unlicensed copies of all types of musical recordings, including karaoke recordings; that with regard to the remaining allegations of paragraph 22, the Defendants lack information or knowledge sufficient to form a belief as to the truth of same and therefore deny them, putting Plaintiffs to their strict proof thereof.

23. In answer to paragraph 23, Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict proof thereof.

24. In answer to paragraph 24, the Defendants admit that Stellar Records, Inc. manufactures, licenses and sells audio recordings under the "Pop Hits Monthly"

<mark>4</mark>

trademark; further, Defendants admit that Sing It Now, Inc. manufactures and sells karaoke recordings, and that Sing It Now, Inc. sells said recordings at retail, and at wholesale through certain third party vendors; that with regard to the remaining allegations of paragraph 24, Defendants deny same.

25. In answer to paragraph 25, the Defendants deny that they have drop shipped karaoke products at the request of the Bertrand Defendants, and affirmatively allege that MGM Distribution, Inc. has dropped shipped karaoke products at the request of one or more of the Bertrand Defendants; further, Defendants deny they have sold illegal recordings of any kind, as alleged therein or otherwise, and deny that they sold any product to persons in Nashville Tennessee, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 25, the Defendants deny them.

26. In answer to paragraph 26, the Defendants admit that a license or other permission from the copyright owner is generally required before a third party may rerecord a musical composition, and/or create a karaoke product therefrom; Defendants deny they have recorded, reproduced, distributed, marketed, advertised or sold any recordings or karaoke products without Plaintiffs' permission, and affirmatively allege that Plaintiffs and/or their predecessors in interest, and/or other joint copyright owners have granted Defendants numerous licenses to record certain musical compositions and create karaoke products therefrom, and therefore deny that "Plaintiffs have not licensed Defendants to engage in the activities complained of herein;" that with regard to the remaining allegations of paragraph 26, the Defendants lack information or knowledge sufficient to form a belief as to the truth of same and therefore deny them, putting Plaintiffs to their strict proof thereof.

5

Case 3:12-cv-00512   Document 48   Filed 02/18/13   Page 5 of 11 PageID #: 688

27. In answer to paragraph 27, the Defendants admit that a third party generally requires a license or some other form of permission from a copyright holder before rerecording a musical composition or creating a karaoke product therefrom, and further admit that certain types of licenses used or granted in this regard are sometimes referred to as synchronization or sync licenses, and affirmatively allege that the terms and conditions of copyright licenses vary and are not uniform; that with regard to the remaining allegations of paragraph 27, the Defendants lack information or knowledge sufficient to form a belief as to the truth of same and therefore deny them, putting Plaintiffs to their strict proof thereof.

28. In answer to paragraph 28, the Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict thereof.

29. In answer to paragraph 29, the Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict thereof.

30. In answer to paragraph 30, the Defendants deny they have at any time reproduced, distributed, advertised, promoted, offered for sale or sold illegal or unauthorized copies of any works for which another, including but not limited to Plaintiffs, owns a valid and enforceable copyright, as alleged therein or otherwise; further, Defendants deny they sell or distribute machines or computer hardware that contain recordings, including but not limited to unauthorized or illegal copies of works for which Plaintiffs own valid and enforceable copyrights, as alleged therein or

6

otherwise; that with regard to the remaining allegations of paragraph 30, Defendants deny same.

31. In answer to paragraph 31, Defendants deny they have engaged in any conduct in violation of the U.S. Copyright Act, as alleged therein or otherwise; and further deny that they have in any way damaged or injured Plaintiffs, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 31, Defendants deny same.

32. In answer to paragraph 32, Defendants reallege and incorporate, as if fully set forth herein, each and every admission, denial and allegation contained in paragraphs 1 through 31, supra.

33. In answer to paragraph 33, the Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict thereof.

34. In answer to paragraph 34, the Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict thereof.

35. In answer to paragraph 35, the Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations contained therein and therefore deny same, putting Plaintiffs to their strict thereof.

36. In answer to paragraph 36, Defendants reallege and incorporate, as if fully set forth herein, each and every admission, denial and allegation contained in paragraphs 1 through 31, supra.

37. In answer to paragraph 37, Defendants deny they have or will infringe Plaintiffs' copyright interests in any works for which they own a valid and enforceable copyright, as alleged therein or otherwise; further, Defendants deny that Exhibit 5 identifies any recordings produced or sold by Defendants, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 37, Defendants deny same.

38. In answer to paragraph 38, Defendants deny they have at any time materially contributed to or induced the infringement of Plaintiffs' copyrights by the Bertrand Defendants or any other individual or entity, as alleged therein or otherwise; further, Defendants deny that have at any time undertaken or participated in any conduct in violation of Plaintiffs' copyrights to any musical recordings or other works, as alleged therein or otherwise; and further deny that they have at any time so acted willfully or recklessly, as alleged therein or otherwise; that with regard to the remaining allegations of paragraph 38, Defendants deny same.

39. In answer to paragraph 39, defendants deny each and every allegation contained therein.

**Affirmative Defenses**

THE DEFENDANTS, Stellar Records, Inc., Sing It Now Records, Inc., Atlantic Digital & CD Replication, Inc., MGM Distribution, Inc., and Thomas Viveiros, by their attorney, Michael T. Hopkins, as and for affirmative defenses to the First Amended Complaint of Plaintiffs, allege and show to the Court as follows, to wit:

1. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

2. Plaintiffs' claims are barred, in whole or in part, by the doctrine(s) of waiver and/or estoppel.

8

Case 3:12-cv-00512   Document 48   Filed 02/18/13   Page 8 of 11 PageID #: 691

3. Plaintiffs' claims are barred, in whole or in part, by the statute of limitations set forth at 17 U.S.C. §507(b).

4. Plaintiffs' claims are barred, in whole or in part, by the application of the first sale doctrine, 17 U.S.C. §109(a), et seq.

5. Any and all works manufactured, copied, distributed or sold by Defendants for which Plaintiffs own a valid and enforceable copyright were manufactured, copied, distributed or sold by Defendants after obtaining licensed permission (either express or implied) from Plaintiffs, their predecessors in interest, and/or the co-owners of said copyright, to so act.

6. Defendants unauthorized use, if any, of Plaintiffs' copyrighted works was a fair use pursuant to 17 U.S.C. §107.

WHEREFORE, the Defendants, Stellar Records, Inc., Sing It Now Records, Inc., Atlantic Digital & CD Replication, Inc., MGM Distribution, Inc., and Thomas Viveiros, hereby demand that judgment be entered in their favor and against Plaintiffs, dismissing Plaintiffs' First Amended Complaint and awarding Defendants their taxable costs and disbursements herein, including an award of actual attorney fees.

**DEFENDANTS DEMAND A TRIAL BY JURY**

Dated this 18th day of February, 2013.

>Respectfully submitted,
>
>_____/s/ Michael T. Hopkins_____
>**MICHAEL T. HOPKINS**
>**(Wis. Bar No. 1014792)**
>Lead Counsel

Hopkins McCarthy LLC
757 N. Broadway, Suite 201
Milwaukee, WI 53202

Tel/Fax: 866-735-0515
email: mth@hmclaw.com

  and


  /s/ Stacey L. Schlitz
**STACEY L. SCHLITZ (#022933)**,
Associate Counsel

SchlitzLAW
1507 16th Avenue South
Nashville, TN 37212

Tel: (615) 646-8740
Fax: (615) 646-8745
sschlitz@schlitzlaw.com

*Attorneys for the Defendants, Stellar Records, Inc.; Atlantic Digital & CD Replication, Inc.; and Thomas Viveiros*

10

## CERTIFICATE OF SERVICE

The undersigned attorney for Stellar Music, Inc. hereby certifies that a true and correct copy of the foregoing was served via the Court's electronic filing system upon:

Tim Warnock
Howell G. O'Rear
Riley, Warnock & Jacobson, PLC
1906 West End Avenue
Nashville, TN 37203
*Attorneys for Plaintiff*

James C. Bradshaw III
Wyatt, Tarrant & Combs, LLP
2525 West End Avenue, Ste. 1500
Nashville, TN 37203
*Attorney for Defendants Bertrand*
*Music Enterprises, Inc., Karaoke*
*International, Inc., John D. Bertrand,*
*Sr. Individually and John D. Bertrand, Jr. Individually*

And has been served via U.S. Mail, postage prepaid, upon:

NONE

On this the 18th day of February, 2013.

                                            /s/ Michael T. Hopkins      .
                                              Michael T. Hopkins