```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

WARNER/CHAPPELL MUSIC, INC.,      )
*et al.*,                          )
                                   )
         Plaintiffs                )
                                   )       No. 3:12-0512
v.                                 )       Judge Campbell/Brown
                                   )       **Jury Demand**
BERTRAND MUSIC ENTERPRISE, INC.,   )
*et al.*,                          )
                                   )
         Defendants                )

## **O R D E R**

A telephone conference was held with the parties in this matter concerning scheduling and the potential of bankruptcy filing by one or more of the Defendants.

Counsel for the Defendants, Mr. Hopkins, advised that Mr. Viveiros and one or more of the corporations would be filing bankruptcy. He stated that the bankruptcy counsel in Massachusetts advised that it should be completed within the next two to four weeks. He further advised that if the bankruptcy was not filed it was his intention to move to be allowed to withdraw as counsel for the Defendants in this matter.

The case is now under an amended complaint (Docket Entry 80) and an amended answer (Docket Entry 81). The Plaintiffs advised that they intended to serve additional interrogatories in view of the answer with the intention of securing sufficient information to move for judgment, at least on some of their claims. They have previously submitted discovery items which were the subject of two

earlier discussions and orders by the Magistrate Judge (Docket Entries 73 and 76).

Although the Magistrate Judge allowed additional time for the Defendants (until May 7, 2014), to file a response to the Plaintiffs' requests in this matter, the Defendants did not file any responses in addition to their initial objections (Docket Entry 76-2). After considering the requests contained in Docket Entry 76-1, the Magistrate Judge will adhere to his original view of this matter: that the discovery items should be fully responded to. The Defendants may have until **July 7, 2014**, to respond. If, in the meantime there is a bankruptcy filing, the parties should promptly notify the Court so that an appropriate order can be entered giving any automatic stay.

As a normal matter, it is the Court's practice to administratively close cases as to Defendants that are in bankruptcy pending the Court being notified the stay has been lifted.

The Magistrate Judge still recommends that a new trial date be set in this matter. In view of the potential bankruptcy in the immediate future and the potential of the corporations having to obtain new counsel, the Magistrate Judge believes that any new trial date should be set or after June of 2015.

It is so **ORDERED**.

/s/   Joe B. Brown  
JOE B. BROWN  
United States Magistrate Judge